NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CATHERINE A. AVILA,**

*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**

*Respondent*

---

2024-2073

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-17-488-I-1.

---

Decided:  April 11, 2025

---

CATHERINE A. AVILA, Alameda, CA, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before REYNA, BRYSON, and STOLL, *Circuit Judges*.

PER CURIAM.

Petitioner Catherine A. Avila seeks review of a decision by the Department of Agriculture for conduct unbecoming a federal employee. We affirm.

I

Ms. Avila was employed by the Forest Service, an agency within the Department of Agriculture, as a Forest Technician at the Mendocino National Forest ("MNF") in California. Her position required her to perform a wide range of duties, including enforcing laws and regulations applicable to the national forests, interacting with members of the public in various ways, and coordinating volunteer programs. *See* Supp. App. 48–53.[1]

In May 2016, a District Ranger with the Forest Service received an anonymous note stating that the writer had smelled marijuana on Ms. Avila's person. The Forest Ranger passed the note to a Forest Service Special Agent, who investigated the matter together with a representative of the Department of Agriculture's Office of Inspector General. In the course of their investigation, they found that a number of marijuana plants were being cultivated in the backyard of the residence that Ms. Avila owned and shared with her husband.

In November 2016, the Forest Service interviewed Ms. Avila. During the interview, she admitted that marijuana was being grown, processed, packaged, and sold at her property, although she asserted that her husband was responsible for the various activities involving the marijuana, and that she took no part in those activities.

---

[1]    "Supp. App." refers to pages of the Supplemental Appendix filed with the Department of Agriculture's Informal Response Brief.

In January 2017, the agency notified Ms. Avila that it was proposing to remove her for conduct unbecoming a federal employee. The specification accompanying the notice of proposed removal stated the following:

> In your statement dated November 3, 2016, you admit that Marijuana plants have been growing on your property since May 2016. You also admit that Marijuana is processed, packaged and sold at your property. On July 19, 2016, United States Forest Service Special Agent (SA) Roger Mayo conducted an overflight of your home and property with United States Department of Agriculture Office of Inspector General (OIG) Special Agent (SA) Caleb Landess. SA Mayo and SA Landess observed and photographed approximately 10–12 marijuana plants growing directly behind your house and on your property.

Supp. App. 23. Ms. Avila was given an opportunity to respond to the notice of removal. After considering Ms. Avila's response and the *Douglas* factors bearing on the appropriate penalty,[2] the Deputy Regional Forester removed Ms. Avila from her position effective May 12, 2017.

Ms. Avila appealed her removal to the Merit Systems Protection Board. In February 2018, following a hearing, the administrative judge who was assigned to her case upheld the removal action. The administrative judge found that the agency had "met its burden of providing by preponderant evidence that the specified conduct was improper, unsuitable, or detracted from [Ms. Avila's] character or reputation," and thus qualified as conduct unbecoming a federal employee. Supp. App. 26.

---

[2]  These factors are set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981).

In reaching that finding, the administrative judge referred to the testimony of the MNF Supervisor, Ann Carlson, who explained that a lot of marijuana is grown in the area, including in the forest, and federal employees are forbidden from being involved in that activity. *See* Feb. 6, 2018 M.S.P.B. Hr'g Tr. 17; Supp. App. 25–26. The administrative judge further noted that Ms. Carlson had testified that the agency was concerned about Ms. Avila's conduct because Ms. Avila's position required her "to inspect, enforce, monitor, report, and/or guide individuals present on the MNF Federal lands consistent with Federal laws." Supp. App. 26.

In finding that Ms. Avila was aware of the marijuana-related activities on her property, the administrative judge relied on her signed statement in November 2016 to the Forest Service. Ms. Avila sought to back away at the hearing from some of the admissions she made in that statement, but the administrative judge found that her testimony in that regard was not credible. *Id.* at 35; *see also id.* at 24.

As for the penalty, the administrative judge found that the agency had satisfied its burden to show a nexus between the sustained charge and Ms. Avila's "ability to accomplish [her] duties satisfactorily." *Id.* at 34–35. Given Ms. Avila's responsibilities for enforcing federal laws, the administrative judge took note of Ms. Carlson's expressed concern about Ms. Avila's ability to accomplish those duties satisfactorily. *Id.* The administrative judge held that the penalty was "within tolerable limits of reasonableness" in light of the agency's consideration of the relevant factors, including the record of two other recent disciplinary actions against Ms. Avila. *Id.* at 35–37.

Ms. Avila petitioned for review by the full Board, which sustained the removal action on May 16, 2024.[3] The Board upheld the administrative judge's rulings with respect to the charged conduct and the penalty imposed, but corrected the administrative judge's ruling on one procedural issue and addressed a second claim that the administrative judge had not addressed. Supp. App. 1–12; *Avila v. Dep't of Agric.*, No. SF-0752-17-0488-I-1, 2024 WL 2239706 (M.S.P.B. May 16, 2024). Neither of the latter issues is presented as a matter for resolution in the present petition.

## II

### A

Ms. Avila contends that it was improper for the Forest Service to remove her for conduct that was not criminal or unethical, and for which she was not personally responsible. The marijuana-related activities that formed the basis for the charge against her, she argues, were all attributable to her husband. Moreover, she asserts that his conduct was lawful under California law, as he possessed a medical marijuana card and thus his possession of marijuana was not a crime in California. Finally, invoking President Biden's recent pardons issued to persons charged federally with simple possession or use of marijuana, she argues that it was improper for her to be removed from her position based on conduct similar to that which President Biden has declared should not be subject to criminal sanctions.

While California law may be permissive with respect to marijuana, federal law is not. Possession and distribution of marijuana is still a federal crime. And President Biden's

---

[3]    The long delay between the decision of the administrative judge in 2018 and the decision of the full Board in 2024 appears to be largely attributable to the lengthy interval during which the Board lacked a quorum and was unable to process petitions for review to the full Board.

decision to pardon persons convicted of simple possession or use of marijuana does not suggest that agencies may not discipline employees for violating federal criminal laws, even if some states no longer impose criminal sanctions for such conduct.

The more substantial argument made by Ms. Avila is that she was not involved in the marijuana-related activities at her home, as her husband was solely responsible for growing, drying, using, transporting, and selling the marijuana grown in the backyard of the family house. The agency, she states, did not offer any evidence that she was personally involved with any of those activities. She argues that she cannot, in effect, be held vicariously liable for his conduct.

While it is true that the agency did not allege that Ms. Avila was personally engaged in cultivating, distributing, transporting, and selling the marijuana grown at her home, the matter is not that simple. In a memorandum dated April 29, 2015, the Forest Supervisor reminded all the MNF employees that marijuana, "for any use, or possession, is illegal under federal law[ r]egardless of state law or medical prescription and regardless of whether you are on or off duty." Supp. App. 56. The memorandum added that any employee found to use or be in possession of marijuana will be subject to disciplinary sanctions. *Id.*

In August of the following year, the Forest Supervisor sent another memorandum on the same subject to all the MNF employees, this time more specifically defining the prohibited conduct. The 2016 memorandum repeated the warning that all marijuana use or possession was unlawful under federal law "regardless of whether you are on or off duty." *Id.* at 59. It then added: "To be clear you cannot be a federal employee and grow marijuana at your home even if you or your spouse has a medical marijuana prescription." *Id.*

That memorandum was sent a few days after the Forest Service investigators discovered that marijuana was being cultivated at Ms. Avila's home. In light of that memorandum, Ms. Avila was on clear notice that growing marijuana at her home was not permissible.

Although Ms. Avila contends that she was not in possession of the marijuana discovered at her home, she was a co-owner of the home and surrounding property where the marijuana was grown, dried, and stored, and from which it was sold. As the administrative judge noted, Ms. Avila admitted that marijuana had been "growing on her co-owned property since May 2016, dried in her garage, processed in her house, packaged up in her house, purchased from her house for cash with the cash stored at her house, and transported in her car."[4] *Id.* at 23. If she found it unclear whether it was permissible for her husband to grow marijuana at their home as long as she was not directly involved in any marijuana-related activities, she could have sought guidance from the agency on that issue, but she did not.

The Forest Service was legitimately concerned that her work responsibilities, which included enforcing laws and regulations pertaining to the national forest, would be compromised by her non-compliance with federal drug laws. *See* Feb. 6, 2018 M.S.P.B. Hr'g Tr. 121–22. Moreover, the Forest Service was reasonably concerned that Ms. Avila's association with the marijuana operations at her home reflected on the agency's reputation. As the Forest Supervisor testified, Ms. Avila's status as a federal employee was well known in the small community in the vicinity of the Mendocino National Forest. Supp. App. 25–26. And because it had been reported that the smell of marijuana

---

[4] Ms. Avila acknowledges that she and her husband jointly owned the property where the marijuana was grown. Petitioner's Br. 3.

could be detected on her person, the agency could reasonably be concerned that visitors to the national forest and volunteer workers whom she supervised would have an unfavorable view of the agency.

Under these circumstances, and particularly in light of the warnings given by the agency to its employees—including the August 2016 memorandum directed to growing marijuana at home—it was reasonable for the agency to treat Ms. Avila's behavior as conduct unbecoming a federal employee.

B

Invoking the "freedom of association" principle drawn from the First Amendment, Ms. Avila argues that the action against her violated her freedom to associate with her husband. Petitioner's Br. 8. Both the administrative judge and the Board held that she had not adequately developed her "freedom of association" argument. The Board explained that even though Ms. Avila was represented at all times during her appeal, she devoted only one sentence of her prehearing submission to the "freedom of association" defense; she "offered no evidence in support of her freedom of association assertions; [she] did not object to the prehearing order's failure to identify this affirmative defense as an issue on appeal, despite having an opportunity to do so; and [she] did not elaborate on this argument on review." *Id.* at 6 n.4. Ms. Avila has not meaningfully challenged those findings by the Board. In light of those findings, we agree with the Board that Ms. Avila has not preserved that claim.

C

Finally, to the extent that Ms. Avila objects that the penalty of removal was unduly harsh in this case, we note that "determination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." *Beard v. Gen. Servs. Admin.*, 801 F.2d 1318,

1322 (Fed. Cir. 1986). When the agency has sustained all the charges against an employee and has reviewed the applicable considerations bearing on the selection of a penalty, and when the penalty has been upheld by the Board, our review is extremely narrow. We defer to an agency's choice of penalty "unless the penalty exceeds the range of permissible punishment specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts of an abuse of discretion." *Vestal v. Dep't of the Treasury*, 1 F.4th 1049, 1053 (Fed. Cir. 2021); *Archuleta v. Hopper*, 786 F.3d 1340, 1352 (Fed. Cir. 2015); *Brook v. Corrado*, 999 F.2d 523, 528 (Fed. Cir. 1993).

In this case, while the penalty was harsh, it was not outside the tolerable bounds of discretion, especially in light of the fact that Ms. Avila had been warned, via the two agency memorandums, not to engage in precisely the conduct for which she was later disciplined and the fact that she had been twice previously disciplined by the agency for misconduct, specifically for failure to follow directions. In addition, the deciding official noted that although Ms. Avila has a long tenure with the Forest Service (a factor the deciding official treated as a mitigating factor), her "dependability has been lacking as well due to missing deadlines and/or turning in work product that is incomplete or of poor quality." Supp. App. 79.

In view of the agency's careful consideration of all of the factors bearing on the penalty decision, *see* Supp. App. 76–81, we conclude that the agency's choice of penalty was not an abuse of discretion. We therefore sustain the Board's decision upholding Ms. Avila's removal.

No costs.

**AFFIRMED**